IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DESIREE ABELSON,

    Plaintiff,

vs.

Case No.: 8:19cv3092T33spf

SARASOTA COUNTY, FLORIDA,

    Defendant.

_____/

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Desiree Abelson (hereinafter "Plaintiff") sues the above Defendant, Sarasota County, Florida (hereinafter "Defendant"), for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (hereinafter referred to as the "FLSA") and the Florida Whistle-blower's Act, Florida Statutes § 112.3187, alleging as follows:

### PARTIES

1. Defendant Sarasota County, Florida, is a political subdivision of the State of Florida, whose principal place of business is located at 1660 Ringling Blvd., Sarasota, FL 34236.

2. Plaintiff Desiree Abelson was employed by Defendant and worked at the Sarasota County Juvenile Assessment Center, located at 2020 Main Street, Sarasota, Florida 34236.

### GENERAL ALLEGATIONS

3. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorney's fees and costs.

4. Plaintiff also brings claims under Florida law, specifically F.S. § 112.3187, known as the Florida Whistle-blower's Act, to recover lost wages, lost benefits, other lost remuneration, and reasonable attorney's fees and costs.

5. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1337 and the FLSA.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims

pursuant to 28 U.S.C. § 1367(a), as this claim is related to Plaintiff's federal claim and arises from the same case or controversy and Plaintiff's FLSA claim.

7. Venue is proper in the Middle District of Florida because the events giving rise to these claims occurred in this jurisdiction and Defendant conducts business in this jurisdiction.

8. At all times material to this action, Defendant was an employee covered by the FLSA, as defined by 29 U.S.C. § 203(e)(2)(C).

9. At all times material to this action, Defendant was an employer covered by the FLSA, pursuant to 29 U.S.C. § 203(d).

10. Defendant's Juvenile Assessment Center is responsible for the intake of alleged Juvenile offenders. Employees of this division of Sarasota County assess the alleged juvenile offenders for their eligibility to be confined in a Juvenile holding facility.

11. Plaintiff has satisfied all condition precedent, or they have been waived.

12. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

13. Plaintiff requests a jury trial for all issues so triable.

14. This claim challenges Defendant's failure to pay Plaintiff the proper amount of overtime under the FLSA. The overtime requirements of the FLSA were meant to combat "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." *In re Novartis Wage & Hour Litig.*, 611 F.3d 141, 150 (2d Cir. N.Y. 2010).

15. Upon information and belief, the records indicating Defendant's failure to properly pay Plaintiff overtime wages, to the extent any exist, are in the custody and control of Defendant.

16. Defendant, as a public agency that employs hundreds of workers, is a sophisticated employer with access to the information and resources necessary for compliance with the FLSA and other applicable laws.

17. Upon information and belief, Defendant did not rely on professional advice or any Department of Labor opinions when it unlawfully failed to pay Plaintiff overtime in accordance with the FLSA.

## FLSA ALLEGATIONS SPECIFIC TO PLAINTIFF

18. Plaintiff was originally hired by Defendant in 2016 to the position of caseworker. This position was classified as non-exempt under the FLSA by Defendant.

19. During her employment, Plaintiff was subsequently promoted to the position of "senior case worker." This position was also classified as non-exempt by Defendant, and accordingly Plaintiff received the federally mandated overtime rate of one and one half times her regular rate of pay for all hours worked over forty (40) per workweek.

20. From August 15, 2018 to September 21, 2018, Plaintiff worked a substantial amount of overtime hours. Through information and belief, within this short time period Plaintiff worked approximately forty-five (45) overtime hours, however, the records that would indicate the exact amount of hours worked are within the custody and control of Defendant.

21. On September 21, 2018, Defendant made Plaintiff aware that she had been promoted to a supervisory position that was exempt from overtime under the FLSA.

22. Subsequently, Plaintiff requested that she be compensated for the overtime hours worked prior to her promotion. Defendant refused, and indicated that Plaintiff's new promotion would be retroactively applied to extinguish the overtime worked by Plaintiff prior to her promotion.

## F.S. § 112.3187 ALLEGATIONS SPECIFIC TO PLAINTIFF

23. On December 14, 2018, a female juvenile was presented to Defendant's Juvenile Assessment Center (hereinafter "JAC") by two deputies from the Sarasota County Sheriff's Office. The juvenile was refused from the JAC due to her need for medical treatment prior to acceptance.

24. Later that afternoon, Plaintiff was informed by another employee at the JAC that the female juvenile alleged that the two Sheriff's deputies had battered and beaten her, and did not properly transport her to the hospital to receive medical attention.

25. Pursuant to F.S. § 39.201(1)(d), Plaintiff reported the allegation of child abuse to the female juvenile's appointed public defender and Juvenile Probation Officer. Further, Plaintiff directed that her co-worker call the department's central abuse hotline to report the allegation.

26. Approximately three hours after these reports were made, Plaintiff received

a call from her supervisor, Alana Monge, who admonished and scolded Plaintiff for reporting the alleged child abuse. Ms. Monge demanded that Plaintiff meet her in person the following Monday, the next day she was scheduled to work.

27. Immediately upon her arrival to work Monday, Plaintiff was terminated. Plaintiff was told that she was terminated for reporting the alleged child abuse.

## COUNT I: RECOVERY OF OVERTIME COMPENSATION

28. Plaintiff reincorporates and readopts all allegations contained within paragraphs 1-22 above.

29. Plaintiff was an employee of Defendant pursuant to the FLSA.

30. Prior to September 21, 2018, Plaintiff performed non-exempt job duties under the FLSA, and was classified as non-exempt by Defendant.

31. Plaintiff was entitled to be paid one and one-half times her regular rate of pay for all hours worked in excess of forty (40) per workweek.

32. During her employment with Defendant (prior to September 21, 2018), Plaintiff regularly worked overtime and was paid her overtime rate.

33. In an effort to cut labor costs, Defendant willfully and intentionally withheld overtime pay from Plaintiff during a time when she was employed in a non-exempt position and completed non-exempt duties. Defendant did so by retroactively applying a promotion that Plaintiff received to work performed weeks before the promotion took effect.

34. Defendant's conduct was in reckless disregard of the overtime requirements of the FLSA.

35. Defendant's willfully violated the FLSA.

36. Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the payment of all overtime hours worked but unpaid at one and one-half times her regular rate of pay, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems just and proper.

## COUNT II: UNLAWFUL RETALIATION

37. Plaintiff reincorporates and readopts all allegations contained within paragraphs 1-27 above.

38. On December 14, 2018, Plaintiff engaged in statutorily protected expression by reporting alleged child abuse against a young female juvenile.

39. Plaintiff suffered the adverse employment action of termination immediately thereafter.

40. Plaintiff was terminated because she engaged in said statutorily protected expression, such that the expression caused her termination.

41. As a result, Plaintiff has suffered lost wages, lost benefits, and compensatory damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for payment of damages requested herein for Defendant's violation of F.S. § 112.3187, for all reasonable attorneys' fees and costs, and all other and further relief that this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

DATED this 11th day of December, 2019, and respectfully submitted by:

/s/ *Nicholas J. Castellano, II*
Nicholas J. Castellano, II, Esq.
Florida Bar Number: 0118601
Email: nick@buckmanandbuckman.com
Y. Drake Buckman, II, Esq.
Florida Bar Number: 0137634
Email: attorney@buckmandbuckman.com

**BUCKMAN & BUCKMAN, P.A.**
2023 Constitution Boulevard
Sarasota, FL 34231
Telephone: (941) 923-7700
Fax: (941) 923-7736

*Attorneys for Plaintiff*