UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DESIREE ABELSON,

    Plaintiff,

v.                               Case No. 8:19-cv-3092-T-33SPF

SARASOTA COUNTY, FLORIDA,

    Defendant.
_____/

**ORDER**

This matter is before the Court on consideration of Plaintiff Desiree Abelson's Renewed Motion seeking conditional certification of an FLSA collective action (Doc. # 41), filed on June 23, 2020. For the reasons given below, the Motion is granted.

**Background**

In its prior order denying Abelson's initial motion for conditional certification, this Court previously set forth both the pertinent allegations in Abelson's amended complaint and the case law controlling this Court's decision as to whether to conditionally certify a collective action under the Fair Labor Standards Act (FLSA). See (Doc. # 40). In that Order, the Court determined that, while Abelson met her light burden to establish a reasonable basis that other employees

1

would desire to opt into this action, her motion was deficient because she had failed to demonstrate that the other employees were similarly situated with regard to their job duties and pay provisions. (Id. at 6-8).

As Abelson notes, the Court denied her first motion because the affidavits she relied upon from other employees failed to state whether those other employees were also classified as non-exempt from overtime compensation while working for the County as a Caseworker II or Caseworker III, whether they were paid insufficient overtime compensation under the FLSA, and whether they were similarly situated with respect to their job duties. (Doc. # 40 at 8; Doc. # 41 at 1). Abelson claims that her supplemental affidavits have now "cur[ed] these deficiencies" and, accordingly, she once again seeks conditional certification. (Doc. # 41 at 1).

Defendant Sarasota County, Florida, has not filed a response in opposition to the Renewed Motion. Accordingly, the Court considers the Motion to be unopposed.

**Discussion**

In support of her Renewed Motion, Abelson has attached affidavits from two individuals: Carlos Burgos and Jennifer Cirieco. (Doc. ## 42, 43). Both Burgos and Cirieco were employed by the County for several years in the positions of

2

Caseworker II and Caseworker III. (Doc. # 42 at 1; Doc. # 43 at 1). They claim that their duties in these two positions were "nearly identical." (Id.). Those duties were as follows:

> screening pretrial defendants, reviewing their criminal history, conducting minor investigations, verifying information, instructing defendants on pretrial release, preparing criminal history reports, processing forms and documents, providing verified information to the court at bond hearings, and communicating with team members and other court officials.

(Id.). Both Burgos and Cirieco, like Abelson, state that while they worked as Caseworkers, they were classified as non-exempt from overtime compensation and worked overtime hours for which they were not properly compensated. (Doc. # 42 at 1-2; Doc. # 43 at 1-2).

On the basis of these affidavits, and in light of the County's lack of opposition and the lenient standard utilized by courts at the conditional-certification stage, Abelson has met her burden of showing a reasonable basis for her claim that there are other employees who were similarly situated with regard to their pay provisions and their job duties. See Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1259 (11th Cir. 2008); Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001). Although Abelson has produced only two affidavits, the Court is mindful that the

class of employees that Abelson seeks to conditionally certify is narrow:

> all former and current employees of Defendant who hold, or previously held, the positions of "Caseworker II" and "Caseworker III" in the three years prior to the filing of the complaint in this case.

(Doc. # 37 at 7; Doc. # 34 at ¶ 44). What's more, this Court has granted conditional certification in other cases that also involved fairly limited evidence of other similarly situated employees who desired to opt-in. See Ciani v. Talk of The Town Restaurants, Inc., No. 8:14-cv-2197-T-33AEP, 2015 WL 226013, at *2 (M.D. Fla. Jan. 16, 2015) (holding that two plaintiffs met the "low threshold required for conditional certification" where they produced only their own affidavits and that of one additional employee); see also Morgan, 551 F.3d at 1260-61 (explaining that a plaintiff's burden of showing a "reasonable basis" for the claim that similarly situated employees seek to join the action is "not particularly stringent, fairly lenient, flexible, not heavy, and less stringent than that for joinder under Rule 20(a) or for separate trials under 42(b)" (internal citations omitted)). Similarly, to the extent there might be slight variations between the job duties of a person employed as a Caseworker II and another person employed as a Caseworker

4

III, "[v]ariations in specific job duties, job locations, working hours, or the availability of various defenses are examples of factual issues that are not considered at the notice stage." Vondriska v. Premier Mortg. Funding, Inc., 564 F. Supp. 2d 1330, 1335 (M.D. Fla. 2007). For these reasons, the Court will grant Abelson's Renewed Motion for conditional certification.

Abelson also seeks permission to send notice to the members of the collective action and requests that the County provide her with the information necessary to effect notice. (Doc. # 34 at 6-7). Specifically, she seeks the last known addresses of the putative class members and the birth dates and partial Social Security numbers for any class members whose mailed notice is returned. (Id.). She also seeks permission to send a "follow-up postcard" to any class members who have not responded within 30 days and requests that the Court order the County to post the notice at all of the County's worksites, in the same areas where it is required to post FLSA notices. (Id. at 7).

Court-authorized notice in a class action context helps to prevent "misleading communications" and ensures that the notice is "timely, accurate, and informative." Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 171 (1989). "[T]he

5

notice to the class should not appear to be weighted in favor of one side or the other." Palma v. MetroPCS Wireless, Inc., No. 8:13-cv-698-T-33MAP, 2014 WL 235478, at *1 (M.D. Fla. Jan. 22, 2014). "[I]n exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." Hoffmann-La Roche, 493 U.S. at 174.

As an initial matter, the Court does not approve the sending of follow-up or reminder communications to potential opt-in plaintiffs. See Palma, 2014 WL 235478, at *3 ("[T]he Court determines that it is not necessary to send any class members 'reminder post cards.' Sending a putative class member notice of this action is informative; sending them a 'reminder' is redundant.").

Here, Abelson has not provided the Court with a proposed notice to be sent to putative members of the collective action, nor has she described how the notice would be sent, or how long employees would have to opt in.

In these circumstances, the parties are directed to meet and confer with respect to the provisions of the notice, how the County might facilitate the sending of notices by

6

providing the requested information, and any other issues raised in this Order or contemplated by the parties with respect to notice to the potential members of the collective action. Plaintiff's counsel is directed to file a motion for approval of the proposed notice and notice procedures within 14 days of the date of this Order, noting any objections to the proposed notice which have not been resolved by the parties. The Court will toll the FLSA statute of limitations during this 14-day period to avoid prejudice to the rights of the putative collective action members.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff's Renewed Motion for Conditional Certification (Doc. # 41), which is unopposed, is **GRANTED.**

(2) The parties are directed to meet and confer in accordance with this Order. After consulting with defense counsel, Plaintiff's counsel shall file a motion for approval of the proposed notice and notice procedures within 14 days of the date of this Order, noting any objections to the proposed notice which have not been resolved by the parties.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>14th</u> day of July, 2020.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE