UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DESIREE ABELSON, individually
and on behalf of all those similarly situated
who have consented to their inclusion in
a Collective Action,

        Plaintiff,
v.                                        CASE NO.: 8:19-cv-03092-VMC-SPF

SARASOTA COUNTY, FLORIDA,

        Defendant.
_____/

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL OF ACTION WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs Desiree Abelson, Demetris Sheppard, Jennifer Cirieco, Laura Davidson, Carlos Burgos, Arianna Mead, and Derrick Riggins (hereinafter "Plaintiffs"), together with Defendant Sarasota County, Florida, through their respective undersigned counsel, jointly move this Honorable Court to approve the settlement reached by the parties at the Settlement Conference held before the Honorable Sean Flynn, and to dismiss the instant action *with prejudice*, and in support state:

1. In their First Amended Complaint, Plaintiffs collectively alleged that Defendant failed to pay them overtime in accordance with the Fair Labor Standards Act ("FLSA"). In addition, Plaintiff Abelson brought claims individually for misclassification and resultant unpaid overtime under the FLSA, and wrongful termination under Fla. Stat. § 112.3187.

2. The Parties have successfully come to an agreement to resolve all disputes raised by the First Amended Complaint, and now seek approval of the Settlement Agreement from the Court

and dismissal of the instant action *with prejudice*. A copy of the Settlement Agreement between the Parties is attached hereto as **Exhibit A**.

3. The settlement provides that Defendant will pay Plaintiffs and their attorney the following payments:

   a. $1,125.15 to Plaintiff Demetris Sheppard in consideration of alleged unpaid overtime wages;
   b. $1,125.15 to Plaintiff Jennifer Cirieco in consideration of alleged unpaid overtime wages;
   c. $1,050.27 to Plaintiff Abelson in consideration of alleged unpaid overtime wages;
   d. $1,125.15 to Plaintiff Carlos Burgos in consideration of alleged unpaid overtime wages;
   e. $1,050.27 to Plaintiff Laura Davidson in consideration of alleged unpaid overtime wages;
   f. $1,050.27 to Plaintiff Arianna Mead in consideration of alleged unpaid overtime wages;
   g. $920.79 to Plaintiff Derrick Riggins in consideration of alleged unpaid overtime wages;
   h. $17,462.00 to Plaintiff Desiree Abelson in consideration of alleged wrongful termination and misclassification damages; and
   i. $36,563.09 to Buckman & Buckman, P.A., attorneys for Plaintiffs, for attorney's fees and costs.

4. In exchange for all payments made under the terms of the Settlement Agreement, Plaintiffs agree to release Defendant from all of their respective claims.

5. The amount of attorney's fees and costs expended in this matter have been reasonable. This case has been heavily litigated for approximately a year. To date, Plaintiff's counsel has prepared and filed their original Complaint and First Amended Complaint, and two separate motions for Conditional Certification of the collective class, which were briefed extensively. Plaintiffs have sent four (4) rounds of Requests for Production and two (2) rounds of Interrogatories, and has reviewed a voluminous amount of documents, including ESI, e-mails, time records, pay records, and employee guidelines and policies that were produced by Defendant. Over the course of the litigation, the Parties have exchanged countless communications via telephone and e-mail regarding the issues contained with Plaintiff's First Amended Complaint. Plaintiffs' counsel spent

significant time analyzing Defendant's detailed records to calculate the alleged damages due to Plaintiffs. The Parties also conducted three (3) depositions to date.

6. As described more fully below, the Parties agree this is a fair and reasonable settlement of a bona fide dispute as to Plaintiffs' claims.

7. Therefore, the Parties are submitting this Motion and the Settlement Agreement to the Court for a determination that there has been a fair and reasonable resolution of a bona fide dispute with respect to Plaintiffs' claims, and for dismissal of the instant action *with prejudice*.

## MEMORANDUM OF LAW

### A. Standard of Review.

This action arises under the FLSA and Fla. Stat. § 112.3187. In *Lynn's Foods Stores, Inc. v. U.S. Dep't of Labor*, the Court held, "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." 679 F.2d 1352 (11th Cir. 1982). "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them." *Id.* At 1353. Alternatively, under section 216(b), when an employee brings "a private action for back wages . . . and present[s] to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* At 1352.

Before approving an FLSA settlement, the court must scrutinize it to determine if it is a "fair and reasonable resolution of a bona fide dispute." *Id.* at 1355. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

1) The existence of fraud or collusions behind the settlement;
2) The complexity, expense, and likely duration of the litigation;
3) The stage of the proceedings and the amount of discovery completed;
4) The probability of plaintiff's success on the merits;
5) The range of possible recovery; and
6) The opinions of counsel.

*Leverso v. South Trust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). In considering these factors, the Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton v. Frito-Lay, Inc.*, 2007 U.S. Dist. LEXIS 10287 at *4 (M.D. Fla. Jan 8, 2007)(citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).

### B. There is a Bona Fide Dispute as to All Claims, and All Relevant Criteria Support Final Approval of the Settlement.

In *Dees v. Hydradry, Inc.*, the Court first analyzed "internal factors" to determine if a compromise of an overtime claim was fair to the employee and required the parties seeking approval of the compromise to describe the nature of the dispute including the employer's reasons for disputing the employee's right to compensation and the employee's reasons for believing the disputed wages were due. 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

In this case, Plaintiffs asserted that they worked overtime hours for which they were either not paid or which were improperly calculated. Further, Plaintiff Abelson has asserted that she was misclassified as exempt from the FLSA's overtime provisions, and that she was wrongfully terminated immediately after reporting an allegation of child abuse made against a law enforcement officer. Defendant has maintained throughout the course of the litigation, and continues to maintain, that Plaintiff Abelson was properly classified, that she was terminated lawfully, and that the collective class members were paid in accordance with the law. After considering the above disputes, the Parties agreed to settle all such claims.

In evaluating a compromise, the Court should also consider an array of "external" or contextual factors pertinent to the statutory purpose of the FLSA. *Dees*, 706 F. Supp. 2d at 1243-44. Compromise may be permissible if, for example, the FLSA issue in a case is remarkably close on the facts or the law or some extraordinary circumstance commends a speedy or certain resolution. *Id.* at 1244. Here, the Parties agree that there is a bona fide dispute as to all of Plaintiffs' claims. Defendant has presented Plaintiffs with all of their respective time records and pay records, and maintain that they were all paid properly. Plaintiffs maintain, however, that they worked hours "off the books" that certain of Defendant's agents had knowledge of, however were not reported and not paid.

Turning to the specific factors set forth in *Leverso*, courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. See *Helms v. Central Fla. Reg. Hosp.,* 2006 U.S. Dist. LEXIS 92994 at *11-12 (M.D. Fla. Dec. 21, 2006). Here, each party was independently represented by counsel. All counsel involved in this case have extensive experience in litigating labor and employment claims, including those under the FLSA. Each counsel was obligated to and did vigorously represent their clients' rights.

The complexity, expense, and length of future litigation also militate in favor of this settlement. The Parties continue to disagree over the merits of the claims asserted by Plaintiffs. If the Parties continued to litigate this matter, they would be forced to engaged in a costly trial in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for both Parties to minimize future risks and litigation costs.

As to the stage of the litigation, there has been sufficient investigation and exchanges of information, data and documents to allow counsel and the Court to act prudently. In agreeing upon the proposed settlement, the Parties had sufficient information and conducted an adequate

investigation to allow them to make an educated and informed analysis and conclusion. Specifically, Plaintiffs retained an expert to conduct a thorough analysis of all the documents provided by Defendant, including voluminous payroll and time records, and Defendant's employee guidelines and policies on employee compensation, to form an opinion on the legitimacy of Plaintiffs' claims. Both Parties were aware of the expert's report and opinions, as well as the content of the documents on which those opinions were based.

The Parties also considered the case law regarding misclassification, and understand that such a determination is fact-specific. Accordingly, summary judgment on this issue alone, and any eventual trial, would prove very costly to defend and prosecute. Finally, the last consideration was Plaintiffs' desire for resolution of this matter. Even if Plaintiffs' succeed on the merits of their claims, which would require substantial additional time and resources by the Parties, the exact amount of Plaintiffs' recovery is uncertain and may be much less than they garnered under the global resolution of their claims.

The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorney's fees. See *Helms*, 2006 U.S. Dist. LEXIS at *6-7. As noted above, the Parties have heavily litigated this case for one year. The attorneys' fee requested is reasonable given the stage of the litigation and the amount of work performed in this case, and, therefore, the Parties contend that the Court should approve the settlement of Plaintiffs' claims. Further, Plaintiffs' counsel's fees were agreed upon separately and without regard to the amount paid to Plaintiffs. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

## **CONCLUSION**

The attached Settlement Agreement is fair, reasonable, and adequate. The Parties respectfully request that the Court grant this Joint Motion for Approval of the Settlement and enter an Order dismissing Plaintiffs' claims with prejudice.

WHEREFORE, the Parties respectfully request that the Court enter an Order: (1) GRANTING this Motion; (2) APPROVING the attached Settlement Agreement; (3) DISMISSING Plaintiffs' claims with prejudice; and (4) ORDERING such further relief as the Court deems appropriate.

DATED this 9th day of December, 2020.

| For the Plaintiffs: | For the Defendant: |
|---|---|
| */s/ Nicholas J. Castellano, II* | *Bora S. Kayan* |
| Nicholas J. Castellano, II, Esq. | Bora S. Kayan, Esq. |
| FBN: 0118601 | FBN: 0105759 |
| **BUCKMAN & BUCKMAN, P.A.** | **Office of the County Attorney** |
| 2023 Constitution Blvd. | 1660 Ringling Blvd., Second Floor |
| Sarasota, FL 34231 | Sarasota, FL 34236 |
| Telephone: (941) 923-7700 | Telephone: (941) 861-7224 |
| Nick@buckmanandbuckman.com | BKayan@scgov.net |