UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DESIREE ABELSON,
individually and on behalf of
others similarly situated,

    Plaintiff,

v.                       Case No. 8:19-cv-3092-T-33SPF

SARASOTA COUNTY, FLORIDA,

    Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to the parties' Joint Motion for Approval of FLSA Settlement (Doc. # 65), filed on December 10, 2020. For the reasons set forth below, the Court grants the motion.

**I.**    **Background**

Plaintiff Desiree Abelson initiated this Fair Labor Standards Act (FLSA) action against her former employer, Defendant Sarasota County, Florida, on December 17, 2019. (Doc. # 1). Abelson filed an amended complaint on April 7, 2020. (Doc. # 34). In the amended complaint, Abelson alleges that Sarasota County failed to pay her, and others similarly situated, overtime wages in accordance with FLSA. (Id.). Abelson also brings claims individually for misclassification

1

under FLSA and wrongful termination under Florida Statute § 112.3187. (Id.).

After the Court initially denied conditional certification, (Doc. ## 37, 40), Abelson again sought to conditionally certify an FLSA collective action on June 23, 2020. (Doc. # 41). The Court granted the motion and conditionally certified this FLSA collective action on July 14, 2020. (Doc. # 44). In addition to Abelson, six plaintiffs opted-in to the collective action (collectively, "Plaintiffs"). (Doc. # 65 at 1-2).

The parties participated in a settlement conference in front of the Honorable Sean P. Flynn, United States Magistrate Judge, on December 1, 2020. (Doc. # 63). On December 10, 2020, the parties filed this Motion for Approval of Settlement. (Doc. # 65). The Motion is now ripe for review.

II. **Discussion**

Plaintiffs allege that Sarasota County violated the overtime provisions of the FLSA. (Doc. # 34). Therefore, any settlement reached between the parties is subject to judicial scrutiny. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353-55 (11th Cir. 1982). At a settlement conference overseen by Judge Flynn, the parties reached a resolution wherein it was agreed that the Plaintiffs would receive

$24,909.05 in damages. (Doc. # 65-1 at 2). The damages are apportioned according to each Plaintiffs' alleged unpaid overtime wages. (Id.). Additionally, Abelson's payment includes consideration of her alleged wrongful termination and misclassification damages. (Id.). It has also been agreed that Plaintiffs' counsel will receive $36,563.09 in attorneys' fees and costs. (Id. at 3).

In the Motion, the parties represent that "counsel's fees were agreed upon separately and without regard to the amount paid to Plaintiffs." (Doc. # 65 at 6). Although the parties still dispute the merits of Plaintiffs' claims (namely, that Plaintiffs worked overtime hours "off the books" that went unpaid), they have chosen to settle in light of the "complexity, expense, and length of future litigation." (Id. at 5).

As explained in Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

> if the parties submit a proposed FLSA settlement that,(1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe

3

>> that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

Pursuant to Bonetti and other governing law, and considering Judge Flynn's role in overseeing the settlement agreement, the Court approves the compromise reached by the parties in an effort to amicably settle this case.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that:

(1) The parties' Joint Motion for Approval of Settlement (Doc. # 65) is **GRANTED.**

(2) The parties' settlement is approved. The Court approves the award of $24,909.05 in damages, to be apportioned as set forth in the settlement agreement, and $36,563.09 in attorneys' fees and costs.

(3) This case is **DISMISSED WITH PREJUDICE.** The Court declines to retain jurisdiction to enforce the settlement agreement.

(4) The Clerk is directed to **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 17th day of December, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE